UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS E. TINSLEY,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. C23-0557-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1975, AR 192, has a GED, AR 219, and has worked as a painter, AR 219. Plaintiff was last gainfully employed in January 2020. AR 219.

On March 10, 2020, Plaintiff applied for benefits, alleging disability as of February 3, 2020. AR 189. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 92–94, 96–100, 108–09.  After the ALJ conducted a hearing on April 12, 2022, the ALJ issued a decision finding Plaintiff not disabled.  AR 15–33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since February 3, 2020, the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: multiple sclerosis and neurocognitive disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**:  Plaintiff can perform sedentary work as defined in 20 CFR 404.1567(a), except he is able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level one and two jobs.  He can perform frequent reaching, handling, and fingering.  He can have superficial, incidental contact with the public and occasional contact with co-workers and supervisors.  He can perform occasional stooping.  He cannot crouch, crawl, kneel, or climb ramps, stairs, ropes, ladders, or scaffolds.  He cannot tolerate temperature extremes in the workplace.  He cannot ambulate across uneven surfaces.  He cannot work at heights, drive, or work in proximity to hazardous conditions.

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17–28.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

|   |   |
|---|---|
| 1 | The parties agree that the ALJ erred and this case should be remanded; however, they |
| 2 | disagree on the remedy.  Plaintiff contends that this Court should remand his case for a finding of |
| 3 | disability, rather than for further administrative proceedings, Dkt. 12 at 18, whereas the |
| 4 | Commissioner contends this case should be remanded for further administrative proceedings, |
| 5 | Dkt. 20 at 1–2. |

## DISCUSSION

"A claimant is not entitled to benefits under the [Social Security Act] unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  Thus, when a court overturns an ALJ's decision, "[t]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (citation omitted).  In extraordinary instances, however, a court may deviate from this course, credit evidence as true, and remand a case for a finding of disability based on that evidence.  *See, e.g.*, *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400–01 (9th Cir. 1988).

Before remanding a case for an award of benefits, the three requirements of the "credit-as-true" test must be met.  First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id.*  In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made.  *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).  Third, the Court must conclude that, "'if the improperly discredited

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021). Even with satisfaction of the three requirements, the Court retains flexibility in determining the proper remedy. *Id.* (quoting *Garrison*, 759 F.3d at 1021). The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.*

Plaintiff argues that the ALJ erred by failing to fully credit the opinions of treating neurologist, Dr. Stacy L. Donlon, M.D., and examining psychologist, Dr. David Widlan, Ph.D, and by failing to fully credit Plaintiff's testimony and the lay evidence. Dkt. 12 at 19. Plaintiff contends that, credited as true, this evidence shows that Plaintiff is disabled and that, because the record as a whole does not create serious doubt that Plaintiff has been disabled since the alleged onset date, the Court should exercise its discretion and remand Plaintiff's claim for an award of benefits. Dkt. 12 at 19. The Commissioner, however, contends that further factual development is necessary and that there is serious doubt as to whether Plaintiff is disabled, meaning this case should be remanded for further administrative proceedings. Dkt. 20 at 1–2.

Although the parties agree that the ALJ failed to provide sufficient reasons for rejecting medical opinions, Plaintiff's testimony, and lay evidence, it is not clear that even if the improperly rejected evidence were credited as true, an ALJ would be required to find Plaintiff disabled. *See Treichler*, 775 F.3d at 1103–04 (instructing that the second prong of the credit-as-true test requires a court to "consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"). For example, Plaintiff's medical record failed to provide a consensus regarding his physical limitations and there was a

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

range of medical opinion regarding his ability to engage in work. State agency consultants Dr. Howard Platter, M.D., and Dr. Robert Stuart, M.D., opined Plaintiff's MS had stabilized, and that he was capable of sedentary work with additional exertional, postural, and environmental limitations. AR 69–72, 86–88. Dr. Widlan, who reviewed Plaintiff's medical record and evaluated him in October 2020, opined Plaintiff was able to accept very simple instructions and perform simple tasks. AR 421, 423. He opined Plaintiff had a mild cognitive disorder and might benefit from cognitive therapy. AR 423. Dr. Donlon, on the other hand, opined that Plaintiff was incapable of any work at all, regardless of his adherence to treatment. AR 828. This broad range of assessment of Plaintiff's abilities highlights the need to further develop the record.

Thus, the Court finds that further administrative proceedings would be useful in order to allow the ALJ to reevaluate the improperly rejected opinions and to reconsider Plaintiff's testimony and the lay evidence. Accordingly, remand for further administrative proceedings is the proper remedy.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should offer the claimant the opportunity for a hearing; take any further action to complete the administrative record; reevaluate the medical opinion evidence; reassess the claimant's subjective symptom statements and the lay evidence; reassess the RFC as necessary; and issue a new decision.

Dated this 29th day of January, 2024.

S. KATE VAUGHAN
United States Magistrate Judge